IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN EDWARDS,

    **Plaintiff,**

    v.                                                                            CASE NO. 15-3047-JWL

JAY SHELTON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff initiated this action by filing a Complaint seeking relief under 42 U.S.C. § 1983, while Plaintiff was confined in the Lyon County Detention Center in Emporia, Kansas. On December 23, 2015, the Court granted Plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915, screened the Complaint to identify deficiencies, and directed Plaintiff to show good cause why the Complaint should not be summarily dismissed as stating no claim for relief against any named defendant. The order to show cause was mailed to Plaintiff and returned as undeliverable with no forwarding address information. On January 12, 2016, the Court entered an Order (Doc. 7) dismissing this case without prejudice.

This matter is before the Court on Plaintiff's Motion to Reconsider (Doc. 10), filed on May 7, 2024. Because Plaintiff's motion was not filed within 28 days after the entry of the judgment, the Court will treat it as a motion under Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace*

*Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000).  Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000); *see also Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000).

Plaintiff alleges that he mailed out a notification of his transfer and was never served or made aware of the deficiencies alleged by the Court.  He argues that the rule cited in dismissing his case—D. Kan. Rule 5.1(c)(3)—does not exist. He argues that he was therefore denied due process when his case was dismissed.

In dismissing this case, the Court cited D. Kan. Rule 5.1(c)(3) for the proposition that Plaintiff is required to notify the Court in writing of any change in his mailing address and that any notice mailed to Plaintiff's last address of record is considered sufficient notice. (Doc. 7, at 1–2.)  Plaintiff is correct that the cited rule is no longer part of the Court's Local Rules.  However, it was in 2016 when it was cited and relied on in the Court's order dismissing this case.  In addition, the Federal Rules of Civil Procedure provide that a paper is served by "mailing

it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Plaintiff's case was dismissed without prejudice on January 12, 2016. He did not seek reconsideration of the order until he filed his current motion over eight years later, on May 7, 2024. Plaintiff has failed to assert exceptional circumstances warranting relief under Rule 60(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider (Doc. 10) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 12) is **denied as moot.**

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED.**

**Dated May 13, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**