**FILED**
**U.S. District Court**
**District of Kansas**
05/20/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BENJAMIN EDWARDS,

    **Plaintiff,**

    v.                                   CASE NO.  15-3047-JWL

JAY SHELTON, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff initiated this action by filing a Complaint seeking relief under 42 U.S.C. § 1983, while Plaintiff was confined in the Lyon County Detention Center in Emporia, Kansas.  On December 23, 2015, the Court granted Plaintiff leave to proceed in forma pauperis under 28 U.S.C. § 1915, screened the Complaint to identify deficiencies, and directed Plaintiff to show good cause why the Complaint should not be summarily dismissed as stating no claim for relief against any named defendant.  The order to show cause was mailed to Plaintiff and returned as undeliverable with no forwarding address information.  On January 12, 2016, the Court entered an Order (Doc. 7) dismissing this case without prejudice.

Plaintiff filed a Motion to Reconsider (Doc. 10) on May 7, 2024.  Because Plaintiff's motion was not filed within 28 days after the entry of the judgment, the Court treated it as a motion under Rule 60(b).  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.")  On May 13, 2024, the Court entered a Memorandum and Order (Doc. 15) denying the motion.

This matter is before the Court on Plaintiff's second motion seeking reconsideration (Doc. 17) filed on May 8, 2026.  Plaintiff asks for reconsideration, claiming that his stuff was

stolen and he did not have the address for the courthouse. (Doc. 17, at 1.) Plaintiff claims that he became homeless and that he wishes to proceed with his case. *Id.*

Plaintiff's motion is treated as a motion filed under Rule 60(b) of the Federal Rules of Civil Procedure, seeking relief from judgment entered in this matter. *See Weitz v. Lovelace Health System Inc.,* 214 F.3d 1175, 1178 (10th Cir. 2000). Rule 60(b) provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff's case was dismissed without prejudice on January 12, 2016. He did not seek reconsideration of the order until he filed his first motion over eight years later, on May 7, 2024. Plaintiff filed his current motion two years later, on May 8, 2026. Rule 60 provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); *see also Coney Island Auto Parts Unltd., Inc. v. Burton, Ch. 7 Trustee for Vista-Pro Automotive, LLC*, 607 U.S. 155 (2026) (finding that Rule 60(c)(1)'s "reasonable time" limit applies to a motion alleging that a judgment is void under Rule 60(b)(4)). Plaintiff has failed to file his motion within a reasonable time.

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000); *see also Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000). Plaintiff has failed to assert exceptional circumstances warranting relief under Rule 60(b).

**IT IS THEREFORE ORDERED** that the Clerk is directed to reopen this case for purposes of entering this Memorandum and Order.

**IT IS FURTHER ORDERED** Plaintiff's motion seeking reconsideration (Doc. 17) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED.**

**Dated May 20, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**